**FILED**
**Oct 18, 2021**
**01:35 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **JANE PACK,** | ) | **Docket No. 2020-06-0866** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | |
| **NASHVILLE CSC,** | ) | **State File No. 7672-2020** |
| **Employer,** | ) | |
| **and** | ) | |
| **INDEMNITY INSURANCE** | ) | |
| **COMPANY OF NORTH AMERICA,** | ) | **Judge Joshua D. Baker** |
| **Carrier.** | ) | |
| | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Nashville CSC's Motion for Summary Judgment on October 4, 2021. The issue was whether Ms. Pack's claim is barred by the statute of limitations. For the reasons below, the Court enters summary judgment in Nashville CSC's favor.

### Claim History

Ms. Pack alleged a June 12, 2019 injury, asserting she gradually injured her right shoulder while operating power jacks for Nashville CSC. Nashville CSC never provided medical or temporary disability benefits. Ms. Pack filed her petition for benefit determination on June 12, 2020.

In her deposition, Ms. Pack sometimes meandered in answering questions about how she became injured. She initially attributed her shoulder pain to general employment duties, like "pulling the pallet jacks." Then, she described a specific incident when "pulling a product from the pallet jack, just pulling a product with my arm, my hand, with the shoulder." Her testimony about what she told supervisors about her injury also changed. On one hand, she stated she mentioned the pain to them but did not report it as work-related or ask for medical care; on the other hand, she said she reported a work injury but received

no response.

However, Ms. Pack consistently testified that she knew her shoulder pain was work-related before visiting her doctor in June 2019. She specifically recalled telling a supervisor named C.W. about her right shoulder pain in "April or May 2019" and wanted her supervisor to complete paperwork for reporting a work-accident. She then "just forgot about it" when he did not help her initiate a claim. Further, her medical records show she told her doctor her shoulder pain began two or three months before her first visit on June 12, 2019.

Neither party disputed that Ms. Pack filed her petition on June 12, 2019, and Nashville CSC denied the claim. In support of summary judgment, Nashville CSC cited Ms. Pack's deposition testimony as undisputed evidence that she injured her shoulder and reported it to her supervisor in April or May 2019, more than a year before she filed suit.

In opposition to summary judgment, Ms. Pack claimed the date of her injury was disputed but provided no affidavit or other sworn testimony to support this assertion. Instead, she said that her testimony concerning when she became injured at work was "retrospective and speculative."

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020).

As the moving party, Nashville CSC must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Pack's claim, or (2) demonstrate that Ms. Pack's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2020); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Nashville CSC does either or both, Ms. Pack must respond by producing specific facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06.

Nashville CSC argued that it has successfully negated the essential element that Ms. Pack timely filed her claim. Tennessee Code Annotated section 50-6-203(b)(1) governs the time within which a petition must be filed when an employer has not provided benefits, as in this case. Specifically, the right to compensation is forever barred "unless the notice required by § 50-6-201 is given to the employer and a petition for benefit determination is filed . . . within one (1) year after the accident resulting in injury."

Here, the undisputed facts show that Nashville CSC did not provide benefits, Ms.

Pack's injury began in April or May 2019 when pulling pallets or product from a pallet, and she filed her petition on June 12, 2020. Given her testimony that she knew her injury was work-related before June 2019, Nashville CSC has negated an essential element of her claim. Therefore, Ms. Pack must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in her favor[.]" *Rye,* at 265.

While Ms. Pack filed a response that characterized several facts as disputed, her testimony demonstrates she understood her injury was work-related as early as April or May of 2019. Further, while she argued this testimony concerning the occurrence of her injury was "retrospective and speculative," she filed no affidavits to support this assertion. Without any additional proof, her argument on the speculative nature of her testimony is not sufficient to overcome summary judgment. *Id.*; Tenn. R. Civ. P. 56.06. (An employee "may not rest upon the mere allegations or denials of her pleading" but must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial.). Since the undisputed material facts show Ms. Pack filed her petition more than one year after she first knew of her workplace injury in April or May 2019, Nashville CSC's motion for summary judgment is **granted,** and Ms. Pack's claim is dismissed with prejudice.

Costs are taxed to Nashville CSC under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid within five days of this order becoming final. Nashville CSC shall prepare and submit the SD-2 within ten days of the date of this order. Unless appealed, this order shall become final thirty days after entry.

**It is ORDERED**.

ENTERED October 18, 2021.

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on October 18, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jonathan May Employee's Attorney | | | X | jmay@forthepeople.com rschow@forthepeople.com |
| Catheryne Grant, Taylor Pruitt; Employer's Attorneys | | | X | catherynelgrant@feeneymurray.com jessica@feeneymurray.com trp@feeneymurray.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court.  To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board.  *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure.  If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*